Whale's Tale, Inc. *v.* The City of Pittsburgh et al. City of Pittsburgh et al., Appellants.

Argued October 5, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*D. R. Pellegrini,* City Solicitor, with him *Kellen McClendon,* Assistant City Solicitor, for appellant, City of Pittsburgh.

*Hilary A. Spatz, Cantor and Levine, P.C.,* for appellee.

*Martha A. Zatezalo, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, P.C.,* for Amicus Curiae, United Mental Health.

OPINION BY JUDGE ROGERS, November 22, 1983:

The City of Pittsburgh has appealed an order of the Court of Common Pleas of Allegheny County overturning the action of the Pittsburgh City Council sustaining a mayoral veto of a resolution of council granting the appellee, Whale's Tale, Inc., a conditional use permit. By the same order, the court directed the City Zoning Administrator to issue the conditional use permit.

Pittsburgh City Council by resolution granted the appellee, Whale's Tale, Inc., a conditional use permit. The mayor vetoed the measure and council voted to sustain the veto. On appeal the Court of Common Pleas of Allegheny County vacated the council's second action and directed that the conditional use permit issue.

496

We affirm the order below on the opinion of Administrative Judge NICHOLAS P. PAPADAKOS reported as *The Whale's Tale, Inc. v. City of Pittsburgh Zoning Administrator,* Pa. D. & C.3d (1982).[1]

ORDER

AND Now, this 22nd day of November, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

[1] On appeal to the Commonwealth Court, the City of Pittsburgh raises the question: If the mayor was without authority to veto the said resolution, was the council's sustaining of the veto its reconsideration of the resolution? The trial court did not explicitly address this question, perhaps because the city's brief filed in that court does not raise it. The point is without merit. The question before council on the second occasion it acted was not that of whether on reconsideration the permit should be granted but that of whether the mayor's veto should or should not be overridden.